IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 3:23CR145 (RCY) |
| | ) | |
| THEO M. OWENS, | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant Theo M. Owens's ("Mr. Owens," or "the Defendant") Motion to Dismiss the Indictment. ECF No. 16. The Defendant seeks dismissal of the indictment charging him with Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1), based on the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111 (2022). *See* Mot. Dismiss Indictment ("Mot. Dismiss") 1–2, 6–17. The Defendant brings both facial and as-applied challenges to § 922(g)(1). For the reasons stated below, the Court will deny the Defendant's motion in full.

**I. BACKGROUND**

Mr. Owens was indicted on November 7, 2023, on one count of Possession of a Firearm by a Convicted Felon pursuant to 18 U.S.C. § 922(g)(1). Indictment 1, ECF No. 1. Mr. Owens was arraigned on December 19, 2023. ECF No. 13. Mr. Owens's status as a convicted felon is not in dispute.

**II. LEGAL STANDARD**

Federal Rule of Criminal Procedure 12 allows parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). The Defendant here requests that the Court dismiss the indictment against him. "An indictment may be dismissed if the statute on which the indictment is premised is

unconstitutional." *United States v. Kearney*, 2023 WL 3940106, at *1 (E.D. Va. June 9, 2023); *see United States v. Brown*, 715 F. Supp. 2d 688, 689 (E.D. Va. 2010); *cf.* Fed. R. Crim. P. 12(b)(3)(B) (permitting a defendant to, before trial, file a motion alleging a "defect in the indictment").

### III. DISCUSSION

The Defendant argues that the statute upon which his indictment is premised, 18 U.S.C. § 922(g)(1), is unconstitutional on its face and as applied to him because it violates the Second Amendment under *Bruen*'s new text-and-history test.

Section 922(g)(1) reads, in relevant part:

> It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . [to] possess in or affecting commerce, any firearm or ammunition.

18 U.S.C. § 922(g)(1).

The Defendant argues that *Bruen* "upended Second Amendment doctrine" with its text-and-history test. Mot. Dismiss 1. He argues that "§ 922(g)(1) regulates conduct the Second Amendment protects," meaning that § 922(g)(1) is "presumptively unconstitutional under *Bruen*'s plain text standard" and that, as a result, the burden shifts to the government to "show[] that § 922(g)(1) is 'consistent with the Nation's historical tradition of firearm regulation.'" *Id.* at 11, 16 (quoting *Bruen*, 142 S. Ct. at 2130); *see also id.* at 6–11.

This Court has already carefully considered and denied each of the arguments set forth in this Motion to Dismiss. *See United States v. Lane*, 2023 WL 5663084 (E.D. Va. Aug. 31, 2023).[1] Other courts in this district have persuasively done the same, with similar outcomes. *See, e.g.*,

---

[1] In *Lane*, this Court held that the Fourth Circuit's pre-*Bruen* precedents upholding § 922(g)(1)'s constitutionality remain good law and require rejection of any argument that an indictment pursuant to § 922(g)(1) violates the Second Amendment. *See Lane*, 2023 WL 5663084, at *1, 4–7. Alternatively, this Court held that *Bruen* reaffirmed the Supreme Court's instruction that "the people" whose conduct the Second Amendment protects includes only "law-abiding citizens" and not felons like the Defendant here. *See id.* at *8–13.

*United States v. Riley*, 635 F. Supp. 3d 411 (E.D. Va. 2022); *United States v. Finney*, 2023 WL 2696203 (E.D. Va. Mar. 29, 2023).  The briefing in the present case provides no new arguments and therefore no reason for this Court to deviate from its prior analysis; as such, the Court adopts in full the reasoning previously set forth in its Memorandum Opinion in *United States v. Lane*.[2]

## IV. CONCLUSION

For the reasons detailed above, the Defendant's Motion to Dismiss the Indictment, ECF No. 16, will be denied.

An appropriate Order shall issue.

/s/ RCY
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: January 30, 2024

---

[2] The Defendant here argues that § 922(g)(1) is unconstitutional both facially and as applied to him.  But the Defendant, as did the defendant in *Lane*, makes the same argument for both his facial and his as-applied challenges: § 922(g)(1) facially criminalizes possessing a firearm or ammunition as a felon, and the statute applies to the Defendant because he was a felon possessing a gun or ammunition.  Because the Defendant argues both challenges in the same way (and does so by making the same arguments that the defendant made in *Lane*), the Court here can dispose of both challenges by relying on *Lane*'s single and complete *Bruen* analysis.  *See Lane*, 2023 WL 5663084, at *4–13.